IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MARK E. HURST,

           Plaintiff,

                                  Case No. 2:14-cv-2636
   v.                           Judge Watson
                                  Magistrate Judge King

KENNETH OSWALT, *et al.*,

           Defendants.


### ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is proceeding without the assistance of counsel, seeks leave to file a civil action under 42 U.S.C. § 1983 without prepayment of fees or costs.  28 U.S.C. § 1915(a). Plaintiff's application for leave to proceed *in forma pauperis*, ECF 1, is **GRANTED.** All judicial officers who render services in this action shall do so as if the costs had been prepaid.

However, having performed the initial screen of the *Complaint*, ECF 1-1, as required by 28 U.S.C. § 1915(e), the Court concludes that the *Complaint* seeks monetary relief against defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (III). It is therefore recommended that the action be dismissed.

The *Complaint* names as defendants the Licking County Prosecutor and a Special Prosecutor for Licking County, Ohio, alleging that defendants failed to provide exculpatory evidence to plaintiff's defense team, resulting in plaintiff's criminal conviction.  *See Brady v. Maryland*, 373 U.S. 83 (1963). The *Complaint* seeks only monetary

1

relief.

Prosecutors enjoy absolute immunity from claims for monetary damages under § 1983 for actions taken within the scope of their prosecutorial duties.  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). In determining whether a prosecutor is entitled to this immunity, the United States Supreme Court has adopted a functional approach. *Forrester v. White,* 484 U.S. 219 (1988).  "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits."  *Koubriti v. Convertino,* 593 F.3d 459, 467 (6th Cir. 2010)(quoting *Imbler*, 424 U.S.C. at 430).  In the case presently before the Court, plaintiff's own allegations make clear that his claims for money damages against the prosecuting officials are based on actions taken by them (or omissions on their part) during the course of their prosecution of plaintiff.  Because plaintiff seeks to base defendants' liability on their prosecutorial function, these defendants are absolutely immune from liability on plaintiff's claims against them. *See Koubriti,* 593 F.3d 459 (Prosecutor is absolutely immune from liability for damages arising out of alleged failure to disclose exculpatory information to the accused).

It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28

2

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

December 15, 2014