UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark E. Hurst,

    Plaintiff,

v.

                              Case No. 2:14-cv-2636

Kenneth Oswalt, *et al.*,              Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Pursuant 28 U.S.C. § 1915(e), Magistrate Judge King issued a report and recommendation ("R&R") upon an initial screening of the Complaint in this civil rights case. The R&R concluded that Plaintiff seeks monetary damages from defendants who are immune from such relief. R&R 1, ECF No. 3. Accordingly, it recommends dismissal of the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff objects to the R&R. ECF No. 5. For the following reasons, the Court overrules Plaintiff's objections.

### I.    FACTS

Plaintiff, proceeding *pro se*, sues Kenneth Oswalt, the Licking County Prosecutor, and Robert E. Clesaric, a Special Prosecutor for Licking County, Ohio ("Defendants") for a civil rights violation pursuant to 42 U.S.C. § 1983. Compl. 1–2, ECF No. 2. He asserts Defendants violated their duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to provide his defense counsel with exculpatory evidence, resulting in his criminal conviction. *Id.* at 3.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The R&R stated that "[p]rosecutors enjoy absolute immunity from claims for monetary damages under § 1983 for actions taken within the scope of their prosecutorial duties." R&R 2, ECF No. 3. It concluded that Plaintiff's Complaint sought to "base [D]efendants' liability on their prosecutorial function," namely their failure to supply exculpatory information to Plaintiff's defense counsel during their prosecution of Plaintiff's criminal case. *Id.* As such, the R&R concluded that Defendants were immune from monetary damages and recommended the Court dismiss the case. *Id.*

On objection, Plaintiff appears to argue that the R&R's conclusion is contrary to law and that Defendants' suppression of *Brady* material fails the prosecutorial function test. Plaintiff argues the cases the R&R relies on involved offenses committed during the trial phase of a case, whereas actions taken during the investigation and discovery phase of a case are typically not deemed prosecutorial duties. He also cites an Ohio statute regarding immunity from damages and argues that Defendants are not entitled to immunity pursuant to the state.

Plaintiff's arguments are not well taken. Prosecutors enjoy absolute immunity in §1983 suits even for malicious or dishonest actions that constitute an integral part of the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Despite Plaintiff's contention that the Court should construe Defendants' failure to furnish exculpatory evidence as an investigative function, "*Jones* and *Imbler* make clear that absolute immunity protects a prosecutor from civil liability for the non-disclosure of material exculpatory evidence at trial." *Koubriti v. Convertino*, 593 F.3d 459, 470 (6th Cir. 2010) (citing *Imbler*, 424 U.S. at 431 n.34; *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986)); *Hatchett v. City of Detroit*, 495 F. App'x 567, 571 (6th Cir. 2012) ("[Absolute] immunity also extends to suits based upon a prosecutor's failure to disclose exculpatory evidence to a defendant.") (citing *Koubriti*, 593 F.3d at 647). Thus, the Magistrate Judge's conclusion that Defendants' actions meet the "prosecutorial function" test is not contrary to law. Further, the Court finds Plaintiff's reference to Ohio Revised Code § 2950.12 inapposite to this case. That statute does not apply to the Court's analysis of his § 1983 claims.

Accordingly, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**